| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Lovee D. Sarenas (SBN 204361)<br>E-mail: Lovee.sarenas@dinsmore.com<br>DINSMORE & SHOHL LLP<br>550 S. Hope Street, Suite 2800<br>Los Angeles, CA 90071<br>Telephone: (213) 335-7737<br><br>Counsel for the Chapter 7 Trustee Nancy Zamora | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - NORTHERN DIVISION**

| In re:<br>Wilshire Health & Community Services, Inc., | CASE NO.: 9:25-bk-11032-RC<br>CHAPTER: 7 |
|---|---|
| | **DECLARATION THAT NO PARTY REQUESTED A HEARING ON MOTION LBR 9013-1(o)(3)** |
| Debtor(s). | [No Hearing Required] |

1. I am the ☒ Movant(s) or ☐ attorney for Movant(s) or ☐ employed by attorney for Movant(s).

2. On (*date*): __9/11/25__ Movant(s) filed a motion or application (Motion) entitled: _____
   APPLICATION TO EMPLOY DINSMORE & SHOHL LLP AS GENERAL BANKRUPTCY COUNSEL PURSUANT
   TO 11 U.S.C. § 327(a) AND FED. R. BANKR. P. 2014

3. A copy of the Motion and notice of motion is attached to this declaration.

4. On (*date*): __9/11/25__ Movant(s), served a copy of ☐ the notice of motion or ☒ the Motion and notice of motion
   on required parties using the method(s) identified on the Proof of Service of the notice of motion.

5. Pursuant to LBR 9013-1(o), the notice of motion provides that the deadline to file and serve a written response and
   request for a hearing is 14 days after the date of service of the notice of motion, plus 3 additional days if served by
   mail, or pursuant to F.R.Civ.P. 5(b)(2)(D) or (F).

6. More than 17 days have passed after Movant(s) served the notice of motion.

7. I checked the docket for this bankruptcy case and/or adversary proceeding, and no response and request for hearing
   was timely filed.

8. No response and request for hearing was timely served on Movant(s) via Notice of Electronic Filing, or at the street
   address, email address, or facsimile number specified in the notice of motion.

9. Based on the foregoing, and pursuant to LBR 9013-1(o), a hearing is not required.

Movant(s) requests that the court grant the motion and enter an order without a hearing.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date: __10/1/25__

/s/ Lovee D. Sarenas
Signature

Lovee D. Sarenas
Printed name

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

Peter J. Mastan (SBN 190250)
E-mail: peter.mastan@dinsmore.com
Lovee D. Sarenas (SBN 204361)
E-mail: lovee.sarenas@dinsmore.com
**DINSMORE & SHOHL LLP**
550 S. Hope Street, Suite 2800
Los Angeles, CA 90071
Telephone: (213) 335-7737
Facsimile: (213) 335-7740

Proposed Counsel to the Chapter 7 Trustee
Nancy Zamora

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## NORTHERN DIVISION

| | |
|---|---|
| In re: | Case No.: 9:25-bk-11032 RC |
| WILSHIRE HEALTH & COMMUNITY SERVICES, INC.,[1] | Chapter 7 |
| Debtor. | **NOTICE OF APPLICATION TO EMPLOY DINSMORE & SHOHL LLP AS GENERAL BANKRUPTCY COUNSEL PURSUANT TO 11 U.S.C. § 327(a) AND FED. R. BANKR. P. 2014** |
| | [No Hearing Required Unless Requested – LBR 9013-1(o)(1)] |
| | Honorable Ronald A. Clifford III Courtroom 201 |

**TO THE HONORABLE RONALD A. CLIFFORD III, UNITED STATES BANKRUPTCY JUDGE, THE UNITED STATES TRUSTEE, THE DEBTOR, ALL CREDITORS, AND THEIR RESPECTIVE COUNSEL, IF ANY:**

PLEASE TAKE NOTICE that Nancy Zamora, the chapter 7 trustee ("Trustee") for the bankruptcy estate ("Estate") of the debtor Wilshire Health & Community Services, Inc. ("Debtor") in the above-captioned bankruptcy case ("Case"), filed an application ("Application") to the Court

---

[1] The following related cases are affiliated with the Debtor: *Wilshire Connected Care, Inc.* (9:25-bk-11028-RC); *Wilshire Community Services, Inc.* (9:25-bk-11031-RC), *Wilshire Management Services, Inc.* (9:25-bk-11029-RC), and *Hospice Partners, Inc.* (9:25-bk-11033-RC).

for authority to employ of Dinsmore & Shohl LLP ("Dinsmore") as general bankruptcy counsel, effective as of August 11, 2025, the date that is thirty days from the service of this Notice. The statutory predicate for the relief sought in the Application is 11 U.S.C. § 327(a). The Application is brought pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), and Rule 2014-1(b) of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California ("Local Rules").

**PLEASE TAKE FURTHER NOTICE THAT** the Trustee has agreed, subject to bankruptcy court approval, to pay Dinsmore its customary hourly rates in effect from time to time, as set forth below, plus reimbursement of actual and necessary expenses incurred by the firm. Dinsmore will seek allowance of compensation and reimbursement of expenses after notice to creditors and a hearing in accordance with Bankruptcy Code §§ 330, 331, 503, and 507, the relevant provisions of the Bankruptcy Rules and Local Rules, the standing orders of this Court, and the fee guidelines of the United States Trustee.

The source of such compensation is the Estate. Dinsmore has no agreement or understanding with any other entity for sharing compensation received for services rendered in, or in connection with, the Case except among and between the members of the firm. Dinsmore has not received a retainer in this Case.

The hourly rates for the lawyers who will be primarily involved and provide services in this Case are as follows:

| Name | Title | Hourly Rate |
| --- | --- | --- |
| Peter J. Mastan | Partner | $840.00 |
| Lovee D. Sarenas | Partner | $740.00 |
| Taylor Duncan | Associate | $415.00 |

These billing rates set forth herein are subject to annual adjustments pursuant to the firm's normal billing practices on or about January 1. Attorney fees will be billed in minimum increments of one-tenth (1/10th) of an hour even though the actual time may be less. Trustee believes the terms and conditions of Dinsmore's employment are reasonable based on the experience of its attorneys.

#64044786v4

In addition to the hourly rates set forth above, Dinsmore shall be reimbursed for its customary costs and expenses incurred in connection with the work performed. Items which will be charged separately include, among other things, copying, messenger services, filing fees, postage, and express services, telecopying, computerized legal research, and similar items.  Most costs are reimbursed at actual cost to the Firm except that black and white copies are reimbursed at $0.15 per page and color copies at $0.75 per page.  Where appropriate, Dinsmore may engage third-party vendors to perform specific services.

**PLEASE TAKE FURTHER NOTICE THAT** the Application is on file with the Bankruptcy Court and is available through the Court's CM/ECF electronic document filing system or by requesting a copy with the office of the Clerk of the Court located at 1415 State Street, Santa Barbara, CA 93101.  A copy of the Application may also be requested in writing from Lovee Sarenas of Dinsmore at the address set forth above.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Rules 2014-1(b)(3)(E), 9013-1(f) and 9013-1(o)(1)(A)(ii), any response and request for hearing must be (i) in writing and include a complete statement of all reasons in opposition thereto or in support or joinder thereof, declarations and copies of all documentary evidence on which the responding party intends to rely and any responding memorandum of points and authorities, and (ii) filed with the Court and served on the Trustee, proposed counsel for the Trustee, and the United States Trustee within fourteen (14) days after the date of service of this Notice, plus three (3) calendar days if service was by mail, at the following addresses:

| **Chapter 7 Trustee:** | **Court:** |
|---|---|
| Nancy Zamora | Hon. Ronald Clifford III |
| Chapter 7 Trustee | United States Bankruptcy Court |
| Zamora & Hoffmeier | 1415 State Street, Suite 233 |
| 633 W. 5th Street, Suite 2600 | Santa Barbara, CA 93101 |
| Los Angeles, CA 90071-2053 | |
| **Counsel to the Trustee:** | **U.S. Trustee:** |
| Lovee D. Sarenas, Esq. | Office of the U.S. Trustee |
| Dinsmore & Shohl LLP | 1415 State Street, Suite 148 |
| 550 S. Hope Street, Suite 2800 | Santa Barbara, CA 93101 |
| Los Angeles, CA 90071-2627 | |

/ / /

3

#64044786v4

**PLEASE TAKE FURTHER NOTICE that, pursuant to LBR 9013-1(h), the failure to file and serve a timely response to the Application or request a hearing on the Application may be deemed by the Court to be consent to the granting of the relief requested in the Application.**

Dated: September 11, 2025                    DINSMORE & SHOHL LLP

                                            By: /s/ Lovee D. Sarenas
                                            Lovee D. Sarenas, Esq.
                                            Proposed Counsel to Nancy Zamora, Chapter 7 Trustee

#64044786v4

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is **655 West Broadway, Suite 800, San Diego, CA 92101**

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF APPLICATION TO EMPLOY DINSMORE & SHOHL LLP AS GENERAL BANKRUPTCY COUNSEL PURSUANT TO 11 U.S.C. § 327(a) AND FED. R. BANKR. P. 2014** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) September 11, 2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Paul F Ready** - becky@farmerandready.com
- **United States Trustee (ND)** - ustpregion16.nd.ecf@usdoj.gov
- **Nancy J Zamora (TR)** - zamora3@aol.com, nzamora@ecf.axosfs.com

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) September 11, 2025, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Ronald A. Clifford III
United States Bankruptcy Court
1415 State Street, Suite 233 / Courtroom 201
Santa Barbara, California 93101-2511

Stifel
4460 Broad Street, Suite 210
San Luis Obispo, CA 93401

Vital Records Control
140 Hind Lane
San Luis Obispo, CA 93401

SLBiggs
10960 Wilshire Blvd., Ste. 1100
Los Angeles, CA 90024

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

#64044786v4

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 11, 2025 | Wendy A. Yones | /s/ Wendy A. Yones |
| Date | Printed Name | Signature |

#64044786v4

Label Matrix for local noticing
0973-9
Case 9:25-bk-11032-RC
Central District of California
Santa Barbara
Thu Sep 11 11:29:33 PDT 2025

10960 Wilshire Blvd., Ste. 1100
Los Angeles, CA 90024-3714

Wilshire Health & Community Services, Inc.
PO Box 409
Nipomo, CA 93444-0409

Northern Division
1415 State Street,
Santa Barbara, CA 93101-2511

1st Alarm Inc
7212 Joliet Ave #3
Lubbock, TX 79423-1123

AMN Healthcare Inc
2999 Olympus Blvd
Coppell, TX 75019-1205

Amazon Capital Services
410 Terry Avenue North
Seattle, WA 98109-5210

Anne Krache, Esq.
Shook, Hardy & Bacon, LLP
One Federal Street, Suite 2620
Boston, MA 02110-2012

Blue Shield of California
601 12th Street, 23rd Floor
Oakland, CA 94607-3885

Blue Shield of California
PO Box 272560
Chico, CA 95927-2560

Caliber Audit and Attest
805 Aerovista Place
Ste 103
San Luis Obispo, CA 93401-7921

Clever Concepts, Inc.
3990 Ruth Way C
Paso Robles, CA 93446-5996

Core Medical Group
655 S Willow St
Ste 128
Manchester, NH 03103-5723

Crossroads Technologies, Inc
108 N. Centre Ave.
Leesport, PA 19533-8865

Culligan Water
9339 W. Higgins Road
Ste 1100
Des Plaines, IL 60018

Dayforce Inc
3311 East Old Shakopee Road
Minneapolis, MN 55425-1361

(p)DE LAGE LANDEN FINANCIAL
ATTN LITIGATION & RECOVERY
1111 OLD EAGLE SCHOOL ROAD
WAYNE PA 19087-1453

EP Wealth Advisors
892 Aerovista Place
Ste 220
San Luis Obispo, CA 93401-8054

Employment Development Department
Bankruptcy Special Procedures Group
PO Box 826880 MIC 92E
Sacramento, CA 94280-0001

Family & Industrial Medical Center
47 Santa Rosa St
San Luis Obispo, CA 93405-1811

Foley & Lardner LLP
777 East Wisconsin Ave
Milwaukee, WI 53202-5306

Forcura LLC
10151 Deerwood Park Blvd
Bldg 400 Ste 400
Jacksonville, FL 32256-0592

Forvis Mazars LLP
4350 Congress Street
Ste 900
Charlotte, NC 28209-4866

Fusion Medical Staffing
18881 W Dodge Road
Ste 300W
Elkhorn, NE 68022-4648

Great Western Alarm
1421 Park St
Paso Robles, CA 93446-2159

HSA Bank
PO Box 939
Sheboygan, WI 53082-0939

Heartland Financial USA
1800 Larimer St
Ste 1800
Denver, CO 80202-1411

Heffernan Insurance Brokers
1350 Carlback Avenue
Walnut Creek, CA 94596-4284

Ignition36 Media
1525 Via Rosa
Paso Robles, CA 93446-1842

(p)INOVALON
ATTN CORPORATION SERVICE COMPANY
251 LITTLE FALLS DRIVE
WILMINGTON DE 19808-1674

Iron Mountain Records Mgt.
33 Arch St
Boston, MA 02110-1424

Nessco Medical Staffing
9394 W Dodge Rd
Ste 300
Omaha, NE 68114-3319

Mckesson Medical-Surgical
6555 State Hwy 161
Irving, TX 75039-2402

Medline Industries, Inc
3 Lakes Drive
Winnetka, IL 60093-2753

NAHC
228 Seventh Street SE
Washington, DC 20003-4306

Netsmart Technologies, Inc
11100 Nail Avenue
Leawood, KS 66211-1205

Netsmart Technologies, Inc.
Anne Krache, Esq.
Shook, Hardy & Bacon LLP
One Federal Street, Suite 2620
Boston, MA 02110-2012

PG&E
The Gas Company
PO Box C
Monterey Park, CA 91754-0932

Pacific Storage Company
3439 Brookside Road, Ste 206
Stockton, CA 95219-1768

Pacifica Commercial Realty
2520 Professional Parkway
Santa Maria, CA 93455-1602

Philadelphia Insurance Co
231 Saint Asaphs Road
Ste 100
Bala Cynwyd, PA 19004-1498

Pitney Bowes
3001 Summer Street
Stamford, CT 06926-0700

Poor Richards Press
2226 Beebee St.
San Luis Obispo, CA 93401-5505

Premium Life Care, Inc.,
DBA BrightStar Care of San Luis Obispo
3220 S Higuera Street, Suite 315
San Luis Obispo, CA 93401-6982

Relias Learning
1010 Sync St, Ste 100
Morrisville, NC 27560-5473

Samson Funding
17 State St
New York, NY 10004-1501

Shield Healthcare
27911 Franklin Parkway
Valencia, CA 91355-4110

Staples Business Advantage
210 Commerce Way
Ste 130
Portsmouth, NH 03801-8202

(p)STAPLES BUSINESS ADVANTAGE THOMAS RIGGLEMA
7 TECHNOLOGY CIRCLE
COLUMBIA SC 29203-9591

Strategic Healthcare Programs, LLC
6500 Hollister Ave, Ste 210
Goleta, CA 93117-5554

US Fire Insurance Company
305 Madison Ave
Morristown, NJ 07960-6117

United States Trustee (ND)
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017-3560

Ventura Medstaff LLC
2909 N 118th St, Ste 200
Omaha, NE 68164-3643

Verity Screening Solutions
6834 S University Blvd, #506
Littleton, CO 80122-1515

Verizon
PO Box 920041
Dallas, TX 75392-0041

Wellsky
11300 Switzer Road
Overland Park, KS 66210-3665

Westwinds Business Park
285 South St
San Luis Obispo, CA 93401-5037

Nancy J Zamora (TR)
U.S. Bank Tower
633 West 5th Street, Suite 2600
Los Angeles, CA 90071-2053

Paul F Ready
Farmer & Ready
1254 Marsh St POB 1443
San Luis Obispo, CA 93406-1443

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


DeLage Landen Financial Services          Inovalon Provider, Inc              Staples, Inc.
PO Box 41602                              4321 Collington Road                Staples / Shane Anderson
Philadelphia, PA 19101-1602              Bowie, MD 20716                     PO Box 102419
                                                                              Columbia, SC 29224


End of Label Matrix
Mailable recipients      58
Bypassed recipients       0
Total                    58

Peter J. Mastan (SBN 190250)
E-mail: *peter.mastan@dinsmore.com*
Lovee D. Sarenas (SBN 204361)
E-mail: *lovee.sarenas@dinsmore.com*
**DINSMORE & SHOHL LLP**
550 S. Hope Street, Suite 2800
Los Angeles, CA 90071
Telephone: (213) 335-7737
Facsimile: (213) 335-7740

Proposed Counsel to the Chapter 7 Trustee
Nancy Zamora

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### NORTHERN DIVISION

| | |
|---|---|
| In re:<br><br>WILSHIRE HEALTH & COMMUNITY SERVICES, INC.,[1]<br><br>Debtor. | Case No.: 9:25-bk-11032-RC<br><br>Chapter 7<br><br>**APPLICATION TO EMPLOY DINSMORE & SHOHL LLP AS GENERAL BANKRUPTCY COUNSEL PURSUANT TO 11 U.S.C. § 327(a) AND FED. R. BANKR. P. 2014; DECLARATION OF PETER J. MASTAN IN SUPPORT THEREOF**<br><br>[No Hearing Required Unless Requested – LBR 9013-1(o)(1)]<br><br>Honorable Ronald A. Clifford III<br>Courtroom 201 |

Nancy Zamora, the chapter 7 trustee ("Trustee") for the bankruptcy estate ("Estate") of the debtor Wilshire Health and Community Services, Inc. d.b.a. Wilshire Home Health ("Debtor") in the above-captioned bankruptcy case ("Case"), hereby submits this application ("Application") to the Court for an order authorizing the employment of Dinsmore & Shohl LLP ("Dinsmore") as general bankruptcy counsel, effective as of August 11, 2025, the date that is thirty days from the

---

[1] The following related cases are affiliated with the Debtor: *Wilshire Connected Care, Inc.* (9:25-bk-11028-RC); *Wilshire Community Services, Inc.* (9:25-bk-11031-RC), *Wilshire Management Services, Inc.* (9:25-bk-11029-RC), and *Hospice Partners, Inc.* (9:25-bk-11033-RC).

1

service of the notice of this Application.  This Application is brought pursuant to 11 U.S.C. §

327(a)[2], Rule 2014(a) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), and

Rule 2014-1(b) of the Local Bankruptcy Rules of the United States Bankruptcy Court for the

Central District of California ("Local Rules").  In support of this Application, the Trustee submits

the attached Declaration of Peter J. Mastan ("Mastan Declaration") and respectfully represents as

follows:

**I.      INTRODUCTION**

     **A.      The Debtor's Bankruptcy Filing**

The Debtor provided at-home and virtual patient care, hospice care, and other social

services to seniors who live in San Luis Obispo county.  The Debtor and four affiliated entities

("Affiliates") each commenced a voluntary bankruptcy case under chapter 7 of title 11 of the

United States Code ("Bankruptcy Code") on August 1, 2025 ("Petition Date") in the United States

Bankruptcy Court for the Central District of California, Northern Division ("Court").

Nancy Zamora ("Trustee") was appointed as the Trustee for the Estate  [ECF No. 2] and the

bankruptcy estates of all Affiliates.  The initial 341(a) meeting of creditors occurred on August 28,

2025.  The meeting of creditors has been continued to October 2, 2025.

Trustee requires the assistance of counsel in the administration of all five related cases.  In

that regard, Dinsmore will file an employment application in each of the five pending cases.

Dinsmore will assist in (i) the evaluation and recovery of assets and any disposition or sale of the

Estate's assets, (ii) the investigation of potential inter-company debts with affiliates, and, if

appropriate, prosecution and resolution of potential Estate claims including recovery of avoidable

transfers of Estate assets, and (iii) Dinsmore will assist the Trustee in the analysis of the claims

filed against the Estate.

**II.      EMPLOYMENT OF GENERAL BANKRUPTCY COUNSEL**

By this Application, the Trustee seeks the entry of an order pursuant to section 327(a) of the

Bankruptcy Code that authorizes the retention and employment of Dinsmore as the Trustee's

---

[2] All statutory references are to Title 11 of the United States Code also known as the Bankruptcy Code unless specified otherwise.

2

general bankruptcy counsel effective as of August 11, 2025 to perform the legal services that will be necessary during this Case.

### A.    Dinsmore's Qualifications

The Trustee seeks to retain Dinsmore because: (i) Dinsmore has extensive experience in bankruptcy, liquidations, fiduciary representation, business and bankruptcy litigation, and other areas of commercial law applicable to the Case; (ii) Dinsmore is experienced in representing debtors and trustees in chapter 7 bankruptcy cases; and (iii)  Dinsmore is well qualified to represent the Trustee in this Case as her counsel to handle the type of legal services to be rendered in its representation of the Trustee.  Dinsmore's employment involves assisting the Trustee in the administration of the Estate and litigation, including the investigation and evaluation of potential avoidance claims and other causes of action against third parties, the disposition and sale of property of the Estate, the analysis of proofs of claim, litigation, and other relevant issues affecting the Case.  Dinsmore will act as counsel for the Trustee in a cost-effective manner.  Dinsmore and its lawyers are professionally qualified to handle the type of services to be rendered in its representation of the Trustee.

The lawyers at Dinsmore who will be working primarily in this Case are:  Peter J. Mastan, Lovee D. Sarenas, and Taylor Duncan.  As necessary, other Dinsmore attorneys and professionals may assist in the Case.  Biographies of the Dinsmore attorneys, setting forth their qualifications, are attached to the Mastan Declaration as **Exhibit 1** and incorporated herein by reference.

The Trustee has been advised that pursuant to Bankruptcy Rule 2014(b), Court-approval of the employment of Dinsmore constitutes employment approval for all the lawyers at the firm. The lawyers of Dinsmore who will be primarily involved in the Case are members of the State Bar of California and/or the federal bar in good standing and all attorneys who will appear before this Court are members in good standing of this Court.

After due consideration and deliberation, the Trustee has concluded that the interests of the Estate and its creditors would be served best by the employment of Dinsmore as general counsel to render such legal services as are necessary and appropriate in connection with the matters set forth herein and to render such additional legal services as may be required from time to time during the

3

#64038967v3

1    pendency of this Case.

2    **B.**     <u>**Scope of Proposed Employment**</u>

3       The Trustee believes it is necessary to retain counsel to render legal services throughout the

4    course of this Case, as applicable, relating to the day-to-day administration of this Case, the

5    disposition of the Estate's assets, and the investigation of potential avoidance claims and claims

6    against third parties. In particular, Dinsmore has agreed to perform the following legal services:

7       a.     Advise the Trustee of her rights, powers, and duties in the administration of this

8    Case;

9       b.     Prepare, on behalf of the Trustee, all necessary motions, applications, proposed

10    orders, notices, and other pleadings in connection with the administration of the Estate and as

11    required by this Court;

12       c.     Advise the Trustee concerning applications, motions, and other pleadings that may

13    be filed by other parties in this Case, and prepare responses thereto;

14       d.     Advise and represent the Trustee with respect to the collection of accounts

15    receivable and negotiation and documentation of any proposed sale of assets and other

16    transactions, as appropriate;

17       e.     Advise and represent the Trustee at any proceeding, litigation, or hearing in the

18    Bankruptcy Court and any action that may arise and affects the rights and interest of the Estate or

19    the Trustee;

20       f.     Advise the Trustee regarding actions to collect and recover property for the benefit

21    of the Estate and its creditors;

22       g.     Advise the Trustee concerning the assumption, assignment, and rejection of executory

23    contracts and unexpired leases;

24       h.     Assist the Trustee in reviewing, objecting, and resolving claims asserted against the

25    Estate;

26       i.     Investigate transactions of the Debtor and its financial affairs and commence and

27    conduct litigation or other action as necessary or appropriate to protect or recover assets of the Estate;

28    and

4

j.      Provide any other legal services that the Trustee requests and that are necessary for the efficient and effective administration of the Case.

**C.    Disinterestedness**

In compliance with Bankruptcy Rule 2014, the connections of Dinsmore to the Debtor, any known creditors of the Debtor, the Estate, the Office of the United States Trustee ("UST") or any of its employees, the bankruptcy judge presiding in this Case, or any other known party in interest are set forth in the Mastan Declaration. *See* Mastan Decl. ¶¶ 14. In the event that an actual conflict with any of the foregoing parties in interest is discovered in the future, Dinsmore will disclose such conflict to the Court and, if necessary, the Trustee will seek an order from this Court employing special counsel to address the issue on which Dinsmore is conflicted. Dinsmore will not represent either party against the other in such dispute.

Based upon the disclosures contained in the Mastan Declaration that is submitted concurrently herewith, Dinsmore has informed the Trustee that Dinsmore and its partners and associates do not hold or represent any interest adverse to the Estate or the Trustee.  Dinsmore is "disinterested" within the meaning of section 101(14) of the Bankruptcy Code.

**III.    COMPENSATION AND REIMBURSEMENT OF EXPENSES**

The Trustee has agreed, subject to bankruptcy court approval, to pay Dinsmore its customary hourly rates in effect from time to time, as set forth below, plus reimbursement of actual and necessary expenses incurred by the firm. Dinsmore's rates are competitive in the Central District of California among other attorneys with similar skills and experience. Dinsmore intends to apply to the Court for allowance of such compensation and reimbursement of expenses after a noticed hearing in accordance with Bankruptcy Code §§ 330, 331, 503, and 507, the relevant provisions of the Bankruptcy Rules and Local Rules, the standing orders of this Court, and the fee guidelines of the UST.  The source of such compensation is the Estate.

Based on the Mastan Declaration, the Trustee believes that no agreement or understanding exists between Dinsmore and any other entity for sharing compensation to be received for services rendered in, or in connection with, the Case except as among and between the members of the firm. Dinsmore has not received a retainer in this Case.

5

#64038967v3

This Application is filed pursuant to 11 U.S.C. § 327 and creditors were served with the notice of this Application within 30 days of the requested effective date of the employment of August 11, 2025. The Application is timely and consistent with Bankruptcy Rule 6003(a), which prohibits the entry of an order granting an employment application within 21 days of the petition date, and precedent in this circuit. *See Atkins v. Wain (In re Atkins)*, 69 F.3d 970, 973 (9th Cir. 1995) ("The bankruptcy courts in this circuit possess the equitable power to approve retroactively a professional's valuable but unauthorized services.") (citation omitted); *In re Hunanyan*, 631 B.R. 904, 908 (Bankr. C.D. Cal. 2021) (J. Tighe) (approving employment under 11 U.S.C. § 327 without resorting to equitable principles or issuing *nunc pro tunc* orders as set forth in *Roman Catholic Archdiocese of San Juan, Puerto Rico v. Feliciano*, 140 S. Ct. 696, 700-01 (2020)).

**A.    Fees**

Dinsmore will seek compensation for its services based upon normal and usual hourly billing rates as may be allowed by this Court under Bankruptcy Code §§ 503 and 507 after notice to creditors and a hearing pursuant to sections 330 and 331 of the Bankruptcy Code. The hourly rates for the lawyers who will be primarily involved and provide services in this Case are as follows:

| Name | Title | Hourly Rate |
| --- | --- | --- |
| Peter J. Mastan | Partner | $840.00 |
| Lovee D. Sarenas | Partner | $740.00 |
| Taylor Duncan | Associate | $415.00 |

These billing rates set forth herein are subject to annual adjustments pursuant to the firm's normal billing practices on or about January 1.  Attorney fees will be billed in minimum increments of one-tenth (1/10th) of an hour even though the actual time may be less.  Trustee believes the terms and conditions of Dinsmore's employment are reasonable based on the experience of its attorneys.

**B.    Reimbursement of Expenses**

In addition to the hourly rates set forth above, Trustee further agreed that Dinsmore shall be reimbursed for its customary costs and expenses incurred in connection with the work performed. Items which will be charged separately include, among other things, copying, messenger services, filing fees, postage, and express services, telecopying, computerized legal research, and similar

#64038967v3

1  items.  Most costs are reimbursed at actual cost to the Firm except that black and white copies are

2  reimbursed at $0.15 per page and color copies at $0.75 per page.  Where appropriate, Dinsmore

3  may engage third-party vendors to perform specific services.  Dinsmore intends to apply to the

4  Court for allowance and reimbursement of such expenses in accordance with the applicable

5  provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the standing orders of

6  this Court, and the guidelines of the UST.

7  **IV.    CONCLUSION**

8    **WHEREFORE**, the Trustee respectfully requests that this Court enter an order authorizing

9  her to employ Dinsmore as general bankruptcy counsel effective as of August 11, 2025 (which is

10  within 30 days from the service of notice of this Application) with compensation and cost

11  reimbursement to be paid as an administrative expense pursuant to 11 U.S.C. §§ 330, 331, 503, and

12  507 in such amounts as this Court may hereinafter allow and order paid.

13

14  Dated:  September 11, 2025

Nancy Zamora, Chapter 7 Trustee

15

16  **Prepared and submitted by:**

17  DINSMORE & SHOHL LLP

18

19  By: /s/  Lovee D. Sarenas
       Peter J. Mastan

20       Lovee D. Sarenas
     Proposed Counsel to Trustee

21

22

23

24

25

26

27

28

7

#64038967v3

## DECLARATION OF PETER J. MASTAN

I, PETER J. MASTAN, declare as follows:

1.  I am an attorney admitted to practice before this Court, the United States District Court for the Central District of California, and the courts of the State of California. I am a partner of the law firm Dinsmore & Shohl LLP ("Dinsmore"), proposed general counsel to Nancy Zamora, the duly-appointed chapter 7 trustee (the "Trustee") in the bankruptcy case (Case") of the debtor Wilshire Health and Community Services, Inc. ("Debtor").

2.  I submit this declaration ("Declaration") in support of the *Application to Employ Dinsmore & Shohl LLP as General Bankruptcy Counsel Pursuant to 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014* (the "Application") filed contemporaneously herewith.

3.  The facts stated below are personally known to me, except as expressly stated otherwise. If called as a witness, I could and would competently testify to the truth of such facts.

4.  The Court may take judicial notice that, on August 1, 2025 ("Petition Date"), the Debtor sought bankruptcy relief by filing a voluntary petition under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code").

5.  The Trustee has requested Dinsmore, and Dinsmore has agreed, to serve as the Trustee's general bankruptcy counsel.  Trustee now seeks to retain and employ Dinsmore as her general bankruptcy counsel in the Case, effective as of August 11, 2025.

6.  In particular, Dinsmore has agreed to perform the following legal services to the Estate:

a.  Advise the Trustee of her rights, powers, and duties in the administration of this Case;

b.  Prepare, on behalf of the Trustee, all necessary motions, applications, answers, proposed orders, notices, and other pleadings in connection with the administration of the Estate and as required by this Court;

c.  Advise the Trustee concerning applications, motions, and other pleadings that may be filed by other parties in this Case, and prepare responses thereto;

8

#64038967v3

d.    Advise and represent the Trustee with respect to the collection of accounts receivable and negotiation and documentation of any proposed sale of assets and other transactions, as appropriate;

e.    Advise and represent the Trustee at any proceeding, litigation, or hearing in the Bankruptcy Court and any action that may arise and affects the rights and interest of the Estate or the Trustee;

f.    Advise the Trustee regarding actions to collect and recover property for the benefit of the Estate and its creditors;

g.    Advise the Trustee concerning the assumption, assignment, and rejection of executory contracts and unexpired leases;

h.    Assist the Trustee in reviewing, objecting, and resolving claims asserted against the Estate;

i.    Investigate transactions of the Debtor and its financial affairs and commence and conduct litigation or other action as necessary or appropriate to protect or recover assets of the Estate; and

j.    Provide any other legal services that the Trustee requests and that are necessary to the efficient and effective administration of the Case.

7.    Attorneys from Dinsmore working on this matter have extensive experience in bankruptcy, liquidations, business and bankruptcy litigation, and other areas of commercial law applicable to the Case. Dinsmore is experienced in representing trustees in chapter 7 bankruptcy cases. Dinsmore is professionally qualified to represent the Trustee in this Case as her counsel to handle the type of legal services to be rendered in its representation of the Trustee.

8.    To the best of my knowledge, information, and belief, the attorneys who will render services in this Case are in good standing and eligible to practice law before the United States District Court and this Bankruptcy Court including the courts of the State of California.

9.    Biographies of the Dinsmore attorneys that sets forth their qualifications are attached hereto as **Exhibit 1** and incorporated herein by reference.

9

#64038967v3

10.   To the best of my knowledge, information, and belief, neither Dinsmore nor any of its partners has any interest in the Estate or the Debtor.  Nor do any of its partners or associates represent any interest adverse to the Debtor or the Estate in connection with the Case with respect to matters for which Dinsmore is to be employed and appointed.

11.   At my direction, the firm has performed a search in its computerized conflict resolution system for the Debtor, the creditors listed on the Debtor's schedules on file in the Case, and other parties in interest as noted by the record in the Case.

12.   Dinsmore is a national firm with approximately 800 lawyers and paraprofessionals in 30 cities across the country. As is common in a large firm, representing hundreds of thousands of clients over the years, Dinsmore has represented clients who have or may have connection to parties involved in the Case.

13.   Based on my review of the results of the above-described inquiry and conflict check (and any and all knowledge I have apart from the results thereof) thus far, Dinsmore, to the best of my knowledge and belief, does not hold or represent any interest adverse to the Trustee or the Estate, or in connection with the Case except as set forth below, and is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

14.   In compliance with Bankruptcy Rule 2014, the following "connections" that Dinsmore may have with the Debtor, the Trustee, the Estate, known creditors or other parties in interest in the Case, any of their respective attorneys and accountants as described above, and the UST or any employee of that office, are disclosed below:

a.   <u>Debtor</u>.  None.

b.   <u>UST and Judiciary</u>.  I, and other attorneys of Dinsmore, have had many cases with the UST for Region 16 over the years, and know many people in these offices personally.  One or more partners or other attorneys at Dinsmore may have worked in the UST before joining Dinsmore or are currently serving as a bankruptcy trustee in this or another jurisdiction.  I am a chapter 7 panel trustee in the Central District.  The Honorable Peter W. Bowie, former Chief Judge for the United States Bankruptcy Court for the Southern District of California, joined Dinsmore as a Partner of Counsel on or about July 1, 2017.  Likewise, attorneys at Dinsmore may have been law

#64038967v3

clerks for bankruptcy judges in the Central District, panelists on seminars, or members of

organizations and committees that may include members of the UST or judges of the Court.

Dinsmore attorneys may, for time to time, attend seminars or meetings of organizations, which are

also attended by members of the UST or judges of the Court.  I do not believe that any of the

foregoing connections create an actual conflict with, or an interest adverse to, the Estate.

c.    Trustee:  I do not believe that Dinsmore is involved in any matter in which it

is adverse to the Trustee in relation to this Case. The firm has represented and may in the future

serve as counsel to Nancy Zamora in her capacity as trustee in other unrelated bankruptcy cases.

Dinsmore may in the future be involved in cases in which the Trustee may be a party in interest or

retained by a creditor.  While attorneys at Dinsmore may have had matters adverse to, or were

otherwise involved in, cases wherein Ms. Zamora was the chapter 7 trustee, the lawyer, or advisor

to a party in interest, such cases are unrelated to the Debtor's Case.  Likewise, Zamora &

Hoffmeier, A Professional Corporation, has represented, currently represents, and may in the future

represent me as my attorney in my capacity as a chapter 7 trustee in other unrelated chapter 7

bankruptcy cases.  I, and others at Dinsmore, have also served as members, directors, and/or

officers of the California Bankruptcy Forum and other bar organizations and may do so in the

future.  Trustee is or has been or may be a member, officer, and/or director of some of the same

organizations.  For conflicts of interest purposes, I do not believe the foregoing connection or

involvement with the Trustee poses any conflict of interest or "disinterestedness" issues. These

matters are unrelated to the Debtor, the Estate, or other parties in the Case.

d.    Creditors and Parties in Interest:  Because of Dinsmore's size, its national

practice, and its tenure in this community and throughout the country, it is inevitable that one or

more creditors or parties in interest in the Case are or may be clients of Dinsmore in matters

unrelated to this Case.  Dinsmore's connections with creditors and certain parties in interest are

disclosed below:

- Stifel: Debtor listed in its schedules that Stifel holds the Debtor's money market
  account.  On behalf of one or more of its clients, Dinsmore is or has been
  involved in cases and transactions in which Stifel Bank and Trust was also

involved as a party in interest but was not a client of the firm.  Although part of the same larger enterprise, Stifel Bank and Trust is a separate entity from Stifel Financial Corp., which is the entity listed in the Debtor's schedules.  Neither an actual conflict nor a representation adverse to the Estate and the Trustee exists because of this connection.

- <u>U.S. Fire Insurance, Co., and Blue Shield of California</u>:  Debtor's Schedule E/F lists the foregoing insurance companies as "trade debt".  Dinsmore is involved in numerous insurance-related matters and litigation that do not involve the Debtor, are not related to this Case, and in which these foregoing insurance companies were also involved as opposing parties or parties in interest.  These insurance companies are not clients of the firm.  Neither an actual conflict nor a representation adverse to the Estate and the Trustee exists because of this connection.

- <u>Employment Development Department (EDD)</u>:  The EDD, scheduled as a trade debt by the Debtor, had been involved in numerous bankruptcy cases unrelated to the Debtor's bankruptcy case in which Dinsmore had been involved or is currently involved as counsel.  EDD is not a client of the firm.  Neither an actual conflict nor a representation adverse to the Estate and the Trustee exists because of this connection.

- <u>Pitney Bowes, Pacific Gas & Electric, Dayforce, Inc., Inovalon, Inc., McKesson Medical-Surgical, and Verity Screening Solutions</u>:  On behalf of one or more of its clients, Dinsmore was involved or is currently involved in cases (including bankruptcy cases unrelated to this Case and this Debtor) and transactions in which the foregoing entities (or similarly named entities) were also involved as other parties in interest but were not clients of the firm.  Neither an actual conflict nor a representation adverse to the Estate and the Trustee exists because of these connections.

- <u>Verizon, Iron Mountain Records Management, Staples, Medline Industries, Inc.,</u>

#64038967v3

<u>Philadelphia Insurance Co., Vital Records Control, and Strategic Health Care</u>:

Dinsmore has represented or currently represents the foregoing trade creditors of the Debtor in transactional and non-bankruptcy related matters that are not connected to this Case. Debtor listed Strategic Healthcare Programs, LLC, which appears to be a separate entity from Strategic Health Care. The connection is being disclosed as a similarly named entity for conflicts of interest purposes. Dinsmore's representation of these clients is neither an actual conflict nor a representation adverse to the Estate and the Trustee.

- <u>Amazon Capital Services, Inc.</u>:  Dinsmore has represented or currently represents certain subsidiaries of Amazon in transactional and non-bankruptcy related matters that are not connected to this Case. Amazon Capital Services, Inc. is not a client of the firm but Dinsmore was involved or is currently involved in cases and transactions in which Amazon Capital Services was also involved as a party in interest. Neither an actual conflict nor a representation adverse to the Estate and the Trustee exists because of these connections.

The foregoing creditors will be served with a copy of the Application.

15. For conflicts of interest purposes, I have adopted a broad definition of the word "connection". The connections identified herein may involve entities or persons that are clients of or former clients of Dinsmore, adverse parties of clients of Dinsmore, or otherwise involved parties, in each case in unrelated matters. Dinsmore's connections with these entities are wholly unrelated to its proposed representation of the Trustee. I believe these representations do not pose an actual conflict of interest. The firm's representation of the Trustee and the Estate herein will not be affected by the above-described connections.

16. In the event of an actual conflict or controversy between the Debtor and the foregoing parties, Dinsmore will inform the Court of such conflict and will not represent either party against the other in such dispute. The Trustee will seek an order of this Court employing special counsel for that purpose pursuant to Bankruptcy Code § 327(e).

13

17.    Based on my review of the results of the above-described inquiry and conflict check thus far and to the best of my knowledge and belief, Dinsmore does not hold or represent any interest adverse to the Trustee or the Estate, or in connection with the Case, and is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

18.    The current rates for lawyers who may assist and provide services in this Case are as follows:

| Name | Title | Hourly Rate |
| --- | --- | --- |
| Peter J. Mastan | Partner | $840.00 |
| Lovee D. Sarenas | Partner | $740.00 |
| Taylor Duncan | Associate | $415.00 |

Fees will be billed in minimum increments of one-tenth (1/10th) of an hour even though the actual time may be less.  These rates are subject to adjustment periodically pursuant to the firm's customary practice.

19.    Subject to the Court's approval, Dinsmore shall be employed and compensated based on its customary hourly rates in effect from time to time, as set forth herein, plus reimbursement of actual and necessary expenses incurred by the firm.  Expenses include copying, messenger services, filing fees, postage, and express services, telecopying, computerized legal research, and similar items. Where appropriate, Dinsmore may engage third-party vendors to perform specific services.

20.    Dinsmore intends to apply to the Court for allowance of such compensation and reimbursement of expenses after a noticed hearing in accordance with Bankruptcy Code §§ 330, 331, 503, and 507, the relevant provisions of the Bankruptcy Rules, the Local Rules, the standing orders of this Court, and the fee guidelines of the UST.

21.    Dinsmore has no agreement or understanding with any other entity for sharing compensation to be received for services rendered in, or in connection with, the Case except as among and between the members of the firm.

22.    Dinsmore has not received a retainer or lien for this representation.

14

#64038967v3

23.    Based upon the foregoing and to the best of my knowledge, I believe that Dinsmore is eligible for employment and retention by the Trustee pursuant to the Bankruptcy Code and the applicable Bankruptcy Rules.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on ⎯ of September, 2025 in Los Angeles, California.


_____
Peter J. Mastan

15

1

## EXHIBIT 1

2

Attorneys' Biographies

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

#64038967v3





# Peter J. Mastan

Partner
peter.mastan@dinsmore.com

Los Angeles, CA
Tel: (213) 335-7738

Peter is the managing partner of the Los Angeles office. He focuses his practice on bankruptcy law, commercial and business litigation, and receiverships. His clients include bankruptcy trustees, receivers, businesses, creditors, government entities, litigants in bankruptcy adversary proceedings, and those interested in buying assets from bankruptcy and/or receivership estates. He counsels clients on matters including bankruptcy avoidance action litigation (including the prosecution and defense of fraudulent transfer and preference actions), Ponzi scheme litigation, Bankruptcy Code 363 sales, fiduciary obligations and the defense of bankruptcy-related malpractice actions brought against fiduciaries and professionals. His experience includes the litigation and management of more than 150 fraudulent transfer adversary proceedings as part of a Ponzi scheme where the trustee recovered more than $100 million in assets, the litigation of more than 100 additional adversary proceedings in a separate failed Ponzi scheme, and the successful defense of multiple law firms accused of malpractice while representing bankruptcy estate fiduciaries.

He is also a member of the panel of Chapter 7 trustees established by the Office of the United States Trustee for the Central District of California, and serves as a Chapter 7 trustee, Chapter 11 trustee, bankruptcy examiner and receiver. Peter's fiduciary experience includes the operation and liquidation of substantial commercial and residential real properties, the operation and sale of adult residential care facilities and other businesses, and the management of litigation-based cases, including fraud-related bankruptcy cases.

Peter is also experienced in international judgment recovery actions, having orchestrated such efforts around the world in Sweden, Austria, the Cook Islands and other areas.

**Services**

- Corporate & Transactional
- Capital Markets
- Bankruptcy & Restructuring

**Education**

- Loyola Law School  (J.D., 1997)

**Dinsmore**

- o Entertainment Law Journal – note and comment editor
- o St. Thomas More Law Honor Society
- o American Jurisprudence Awards in Secured Transactions in Personal Property and Federal Income Taxation
- University of California, Los Angeles  (B.A., 1993)

## Bar Admissions

- California

- District of Columbia

## Court Admissions

- U.S. Court of Appeals for the Ninth Circuit

- U.S. District Court for the Central District of California

- U.S. District Court for the Northern District of California

- U.S. District Court for the Southern District of California

## Affiliations/Memberships

- National Association of Bankruptcy Trustees

- Los Angeles Bankruptcy Forum, board of directors (2018 - 2022)

- American Bankruptcy Institute

- California Bankruptcy Forum

  - o President (2017)
  - o Pro Bono Steering Committee, chairman (2016 - 2017)
  - o Vice president (2016)
  - o Secretary (2015)
  - o Treasurer (2014)
  - o Co-education chair (2011)
  - o Co-education chair of the Young Insolvency Professional program (2010)

- Central District of California, Chapter 7 panel of trustees

## Distinctions

- California *Super Lawyers*®
  - o For Bankruptcy and Debtor/Creditor Rights (2012 - 2023)

- Southern California *Rising Star*® (2009 - 2010)



# Lovee Sarenas

Partner
lovee.sarenas@dinsmore.com

Los Angeles, CA
Tel: (213) 335-7753

Lovee concentrates her practice on trustee representations in bankruptcy cases under Chapter 7 of the Bankruptcy Code and representing creditors' committees and distressed small businesses in Chapter 11 cases. She has assisted and worked with institutional banks, insurance companies, airlines, storage facilities, commercial property owners, small businesses, and turnaround professionals.

Her experience includes counseling international companies in major retail bankruptcy cases; handling bankruptcy-related real estate issues; defending institutional clients in a variety of bankruptcy litigation, avoidance actions and fraudulent transfer claims; and serving as debtor-in-possession counsel to a B2B e-commerce company in an intellectual property sale. She has experience with PACA claims and bankruptcy-related issues in farm business reorganizations. Having a dedicated and broad bankruptcy experience enables her to create practical, cost-efficient, and innovative solutions to a variety of insolvency situations her clients may confront. Throughout her career, Lovee has played a critical role in a number of reorganization, bankruptcy litigation and insolvency matters, including:

- Representing several Official Committees of Unsecured Creditors in various reorganization cases including the case of Cornerstone Apparel, Inc. which resulted in a $9.5 million settlement distribution to unsecured creditors;

- Working with defense team for an aviation client in a fraudulent transfer claim that reduced a $5 million claim to a de minimus settlement amount;

- Successfully representing and defending several institutional clients comprised of banks, mortgage lenders, investment and accounting firms, and a national storage facility owner in bankruptcy reorganization matters, and bankruptcy and avoidance litigation;

- Serving as counsel to international clients from China, Korea and United Kingdom in the retail industry and commercial landlords across California in national retail bankruptcies;

- Serving as co-counsel for a farming operation with over 3,000 seasonal agricultural workers in the sale of its farming business in Central California as part of its chapter 11 plan;

- Serving as debtor-in-possession counsel in the auction sale of the client's web services patent which sold for $15.5 million from a $1 million opening bid thereby resulting in a 100% distribution to unsecured creditors; and
- Working with general bankruptcy counsel team that assisted in the reorganization of a winery in Napa, California.

Lovee is the first Filipino-American to serve as a judicial clerk for two bankruptcy judges: the late Richard M. Neiter and Ellen A. Carroll (ret.) of the U.S. Bankruptcy Court for the Central District of California. Before she clerked with Judge Neiter, Lovee practiced as a restructuring attorney for a prominent chapter 11 boutique bankruptcy firm in Northern California.

She is also active in the community, having been recognized on account of several leadership roles in bar and community organizations in Los Angeles, including the Los Angeles Bankruptcy Forum, the Central District U.S. Bankruptcy Court Small Business Reorganizational Task Force, UPAAGLA Board of Directors, and the California Bankruptcy Forum. She is currently the vice president of the Los Angeles Bankruptcy Forum after a successful year chairing its Diversity Equity & Inclusion Committee where she co-founded the Hon. Richard M. Neiter Externship Fellowship that awards stipends to law students from underrepresented backgrounds who are full-time externs with the federal bankruptcy judiciary in the Central District.

She is a member of the USC Gould School of Law adjunct faculty and serves as an adjunct professor of bankruptcy law at Southwestern Law School in Los Angeles.

## Services

- Bankruptcy & Restructuring

## Education

- Southwestern University School of Law  (J.D.)
- University of the Philippines  (B.A.)
- University of California, Los Angeles  (Certificate)
  - Executive Education, Board Certification Program at the Anderson School of Management

## Bar Admissions

- California

## Court Admissions

- U.S. District Court for the Central District of California
- U.S. District Court for the Eastern District of California
- U.S. District Court for the Northern District of California
- U.S. District Court for the Southern District of California
- U.S. Court of Appeals for the Ninth Circuit

## Affiliations/Memberships



- Honorable Richard M. Neiter Summer Bankruptcy Fellowship & Externship Fund Founder and Co-Chair (2021-present)
- Los Angeles Bankruptcy Forum President (2023-2024)
- Los Angeles Bankruptcy Forum Diversity Equity & Inclusion Co-Chair (2021-2023)
- U.S. Bankruptcy Court Central District of California Small Business Reorganization Task Force (2020)
- UP Alumni Association of Greater Los Angeles Board Member and Officer (2019-2024)
- Los Angeles Bankruptcy Forum Board Member (2017-2025); Executive Committee Member (2021-2024)
- Philippine American Bar Association
- Los Angeles Catholic Lawyers Association
- United States Bankruptcy Courts' Bankruptcy Forms Modernization Project Task Force (2010)
- Task Force on Chapter 11 Individual Cases, United States Bankruptcy Courts (Nationwide) (2010)





# Taylor F. Duncan

Associate
taylor.duncan@dinsmore.com

San Diego, CA
Tel: (619) 400-0456

Taylor focuses her practice on bankruptcy and restructuring, guiding businesses and individuals through complex financial challenges with clarity and precision. She works closely with trustees, debtors and companies of all sizes, particularly in the healthcare and banking industries, to navigate insolvency proceedings, asset sales, and Chapter 7 and Chapter 11 bankruptcy filings.

Before entering private practice, Taylor completed a two-year clerkship with Judge Scott C. Clarkson in the U.S. Bankruptcy Court for the Central District of California, where she gained hands-on experience in matters involving asset sales and restructuring under Chapter 7,11, and 15.

Originally from Scotland, Taylor brings a global perspective to her work. Outside the office, she's a passionate soccer fan and a proud supporter of Rangers FC, following both the women's and men's leagues. She also played for a year in the Scottish Women's Premier League, a testament to her competitive spirit and strong, team-oriented mindset.

## Services

- Bankruptcy & Restructuring

## Education

- Chapman University Dale E. Fowler School of Law  (J.D., 2023)
    - CALI Awards (Highest Class Grade): Criminal Procedure/Police Practice, Elder Law Clinic
    - Commitment to Service Award
    - Merit Scholarship
    - Real Estate Law Society, Vice President
    - Criminal Law Society, Member

- California State University, Bakersfield  (B.A., *summa cum laude*, 2020)
    - Political Science & Criminal Justice
    - The Outstanding Student of Political Science Class of 2020 Award
    - Pi Sigma Alpha National Political Science Honor Society



      o  Alpha Phi Sigma National Criminal Justice Honor Society

      o  Alpha Chi National College Honor Society

      o  Helen Louise Hawk Honors Program

**Bar Admissions**

- California

- District of Columbia (PENDING)

**Affiliations/Memberships**

- Pathways Academy Kern County Probation Department

- Alliance Against Family Violence and Sexual Assault

**Languages**

- Spanish

# Publications

April 1, 2025
**The World of Interlocutory Bankruptcy Appeals**
Harvard Law School Bankruptcy Roundtable

1

**PROOF OF SERVICE OF DOCUMENT**

2

3

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is **655 West Broadway, Suite 800, San Diego, CA 92101**

4

A true and correct copy of the foregoing document entitled (*specify*): **APPLICATION TO EMPLOY DINSMORE & SHOHL LLP AS GENERAL BANKRUPTCY COUNSEL PURSUANT TO 11 U.S.C. § 327(a) AND FED. R. BANKR. P. 2014** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

5

6

7

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) September 11, 2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

8

9

10

11

- **Paul F Ready** - becky@farmerandready.com
- **United States Trustee (ND)** - ustpregion16.nd.ecf@usdoj.gov
- **Nancy J Zamora (TR)** - zamora3@aol.com, nzamora@ecf.axosfs.com

12

13

14

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) September 11, 2025, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

15

16

17

18

Honorable Ronald A. Clifford III
United States Bankruptcy Court
1415 State Street, Suite 233 / Courtroom 201
Santa Barbara, California 93101-2511

19

20

21

SLBiggs
10960 Wilshire Blvd., Ste. 1100
Los Angeles, CA 90024

22

23

Stifel
4460 Broad Street, Suite 210
San Luis Obispo, CA 93401

24

25

U.S. Fire Insurance, Co.
305 Madison Avenue
Morristown, NJ 07960-6117

26

27

28

17

#64038967v3

Blue Shield of California
601 12th Street, 23rd Floor
Oakland, CA 94607-3885

Employment Development Department (EDD)
Bankr. Special Procedures Group
P.O. Box 826880, MIC 92E
Sacramento, CA 94280-0001

Pitney Bowes
3001 Summer Street
Stamford, CT 06926-0700

Pacific Gas & Electric
P.O. Box C
Monterey Park, CA 91754-0932

Dayforce, Inc.
3311 East Old Shakopee Road
Minneapolis, MN 55425-1361

Inovalon, Inc.
Attn: Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808-1674

McKesson Medical-Surgical
6555 State Hwy 161
Irving, TX 75039-2402

Verity Screening Solutions
6834 S University Blvd, #506
Littleton, CO 80122-1515

Verizon
P.O. Box 920041
Dallas TX 75392-0041

Iron Mountain Records Management
33 Arch Street
Boston, MA 02110-1424

Staples
210 Commerce Way, Suite 130
Portsmouth, NH 03801-8202

18

#64038967v3

Medline Industries, Inc.
3 Lakes Drive
Winnetka, IL 60093-2753

Philadelphia Insurance Co.
231 Saint Asaphs Road, Suite 100
Bala Cynwyd, PA 19004-1498

Vital Records Control
140 Hind Lane
San Luis Obispo, CA 93401

Strategic Health Care
6500 Hollister Avenue, Ste 210
Goleta, CA 93117-5554

Amazon Capital Services, Inc.
410 Terry Avenue North
Seattle, WA 98109-5210

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be</u> <u>completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| September 11, 2025 | Wendy A. Yones | /s/ Wendy A. Yones |
| *Date* | *Printed Name* | *Signature* |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
655 West Broadway, Suite 800, San Diego, CA 92101

A true and correct copy of the foregoing document entitled: **DECLARATION THAT NO PARTY REQUESTED A HEARING ON MOTION [LBR 9013-1(o)(3)]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On *(date)* 10/1/25_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Thomas Phinney - tphinney@ffwplaw.com, akieser@ffwplaw.com;docket@ffwplaw.com**
- **Paul F Ready - becky@farmerandready.com**
- **Lovee D Sarenas - lovee.sarenas@dinsmore.com, wendy.yones@dinsmore.com;**
    **adelya.ashralieva@dinsmore.com**
- **United States Trustee (ND) - ustpregion16.nd.ecf@usdoj.gov**
- **Nancy J Zamora (TR) - zamora3@aol.com, nzamora@ecf.axosfs.com**

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On *(date)* 10/1/25_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**SLBiggs
10960 Wilshire Blvd., Ste. 1100
Los Angeles, CA 90024**

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on *(date)* _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/1/25 | Wendy A. Yones | /s/ Wendy A. Yones |
|---------|----------------|--------------------|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                          Page 3                    **F 9013-1.2.NO.REQUEST.HEARING.DEC**

Stifel
4460 Broad Street, Suite 210
San Luis Obispo, CA 93401

U.S. Fire Insurance, Co.
305 Madison Avenue
Morristown, NJ 07960-6117

Blue Shield of California
601 12th Street, 23rd Floor
Oakland, CA 94607-3885

Employment Development Department (EDD)
Bankr. Special Procedures Group
P.O. Box 826880, MIC 92E
Sacramento, CA 94280-0001

Pitney Bowes
3001 Summer Street
Stamford, CT 06926-0700

Pacific Gas & Electric
P.O. Box C
Monterey Park, CA 91754-0932

Dayforce, Inc.
3311 East Old Shakopee Road
Minneapolis, MN 55425-1361

Inovalon, Inc.
Attn: Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808-1674

McKesson Medical-Surgical
6555 State Hwy 161
Irving, TX 75039-2402

Verity Screening Solutions
6834 S University Blvd, #506
Littleton, CO 80122-1515

Verizon
P.O. Box 920041
Dallas TX 75392-0041

Iron Mountain Records Management
33 Arch Street
Boston, MA 02110-1424

Staples
210 Commerce Way, Suite 130
Portsmouth, NH 03801-8202

Medline Industries, Inc.
3 Lakes Drive
Winnetka, IL 60093-2753

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                                Page 3                          F 9013-1.2.NO.REQUEST.HEARING.DEC

Philadelphia Insurance Co.
231 Saint Asaphs Road, Suite 100
Bala Cynwyd, PA 19004-1498

Vital Records Control
140 Hind Lane
San Luis Obispo, CA 93401

Strategic Health Care
 6500 Hollister Avenue, Ste 210
Goleta, CA 93117-5554

Amazon Capital Services, Inc.
410 Terry Avenue North
Seattle, WA 98109-5210

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.