Peter J. Mastan (SBN 190250)
E-mail: *peter.mastan@dinsmore.com*
Lovee D. Sarenas (SBN 204361)
E-mail: *lovee.sarenas@dinsmore.com*
**DINSMORE & SHOHL LLP**
550 S. Hope Street, Suite 2800
Los Angeles, CA 90071
Telephone: (213) 335-7737
Facsimile: (213) 335-7740

Counsel to the Chapter 7 Trustee
Nancy Zamora

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# NORTHERN DIVISION

| | |
|---|---|
| In re:<br><br>WILSHIRE HEALTH & COMMUNITY SERVICES, INC.,[1]<br><br>Debtor. | Case No.: 9:25-bk-11032-RC<br><br>Chapter 7<br><br>**NOTICE OF MOTION AND MOTION PURSUANT TO FED. R. BANKR. P. 2004 AND L.B.R. 2004-1 FOR AN ORDER AUTHORIZING THE PRODUCTION OF DOCUMENTS BY AND EXAMINATION UNDER OATH OF RON YUKELSON; DECLARATION OF LOVEE SARENAS IN SUPPORT THEREOF; AND EXHIBIT**<br><br>Date: *No Hearing Required*<br>Time: *No Hearing Required*<br>Ctrm: 201<br>        1415 State Street<br>        Santa Barbara, California 93101<br><br>Honorable Ronald A. Clifford III |

---

[1] The following related cases are affiliated with the Debtor: *Wilshire Connected Care, Inc.* (9:25-bk-11028-RC); *Wilshire Community Services, Inc.* (9:25-bk-11031-RC), *Wilshire Management Services, Inc.* (9:25-bk-11029-RC), and *Hospice Partners, Inc.* (9:25-bk-11033-RC).

1

#64671630v3

**TO THE HONORABLE RONALD A. CLIFFORD III, UNITED STATES BANKRUPTCY JUDGE; RON YUKELSON; THE OFFICE OF THE UNITED STATES TRUSTEE; OTHER PARTIES IN INTEREST, AND THEIR COUNSEL, IF ANY:**

**PLEASE TAKE NOTICE** that Nancy Zamora, the Chapter 7 Trustee ("Trustee") for the bankruptcy estate ("Estate") of debtor Wilshire Health and Community Services, Inc. ("Debtor") in the above-captioned bankruptcy case ("Case"), filed with the United States Bankruptcy Court, Northern Division, located at 1415 State Street, Santa Barbara, California 91301, the Honorable Ronald A. Clifford III, United States Bankruptcy Judge, presiding, this *Notice of Motion and Motion Pursuant to Fed. R. Bank. P. 2004 and L.B.R. 2004-1 for an Order Authorizing the Production of Documents by and Examination Under Oath of Ron Yukelson* ("Motion"). The Motion is made pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule(s)") and Rule 2004-1 of the Local Bankruptcy Rules for the Central District of California ("Local Rules") to require the (a) production of documents by Ron Yukelson ("Yukelson") and (b) appearance for examination under oath of Yukelson. Specifically, the Trustee seeks an order:

1. Directing Yukelson to produce for inspection and copying by the Trustee the documents described in **Exhibit 1** to the attached subpoena (the "Documents") **at or before 5:00 p.m. on October 28, 2025** at the offices of Dinsmore & Shohl LLP located at 550 S. Hope Street, Suite 2800, Los Angeles, California 90071 or electronically via e-mail to lovee.sarenas@dinsmore.com.

2. Directing Yukelson to appear and submit to a sworn examination (to be recorded by stenographic means) by the Trustee pursuant to Rule 2004 and Local Rule 2004-1 **at 9:30 a.m. on October 30, 2025**, and continuing for such time until the examination is completed, at the offices of Carmel & Naccasha LLP located at 694 Santa Rosa St., San Luis Obispo, California 93401, or remotely, as agreed upon by the parties.

3. Authorizing the Trustee to issue subpoenas as necessary to compel such document production and appearance for examination.

4. Providing that any motion for protective order under Bankruptcy Rule 7026 and Federal Rule of Civil Procedure 26(c) must be filed and served not less than 14 days before the date

2

#64671630v3

of the examination, and set for hearing not less than 2 days before the scheduled examination, unless an order setting hearing on shortened notice is granted by the court pursuant to Local Rule 9075-1.

5.  Retaining jurisdiction with the Bankruptcy Court to consider and adjudicate any additional request for information or examination and disputes concerning any matters in the Motion.

6.  Providing other and further relief to the Trustee as the Court deems just and proper is granted.

The Motion is made under Rule 2004 and Local Rule 2004-1 on the grounds that the Trustee is investigating the financial affairs and activities of the Debtor and investigating potential claims and assets of the Estate. Yukelson was the former Chief Operating and Strategy Officer for the Debtor and possesses intimate knowledge of the Debtor's finances and assets. As the former officer for the Debtor, Yukelson possesses knowledge of the Debtor's acts, conduct and/or financial affairs as it relates to this Case.

**PLEASE TAKE FURTHER NOTICE** that because the Trustee is not a party to any adversary proceeding or contested matter in which this discovery would be appropriate, the Trustee may not proceed under Rule 7026, 7030, or 9014.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Local Rule 2004-1(a), the Trustee and her counsel have conferred with Yukelson concerning the proposed Rule 2004 examination and document request arranging for a mutually agreeable date, time, place, and scope of the examination and production.

**PLEASE TAKE FURTHER NOTICE** that the Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the Declaration of Lovee Sarenas ("Sarenas Declaration"), the attached exhibit(s), and the pleadings and records on file in the Case, of which the Court is requested to take judicial notice.

/ / /

/ / /

#64671630v3

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Rule 2004-1(f):

> The party whose examination is requested may file a motion for protective order if grounds exist under FRBP 7026 and F.R.Civ. P. 26(c). A motion for protective order must be filed and served not less than 14 days before the date of the examination and set for hearing not less than 2 days before the scheduled examination, unless an order shortening time is granted by the court pursuant to LBR 9075-1.

Any motion for a protective order must be filed with the Court and served on the Trustee, the Court, and the Office of the United States Trustee as follows:

**For Service on the U.S. Trustee**
Office of the U.S. Trustee
915 Wilshire Blvd., Suite 1850
Los Angeles, CA 90017

**For Service on the Court**
Hon. Ronald A. Clifford III
United States Bankruptcy Court
1415 State Street, Suite 233
Santa Barbara, California 93101

**For Service on the Trustee**
Lovee D. Sarenas, Esq.
Dinsmore & Shohl LLP
550 S. Hope Street, Suite 2800
Los Angeles, CA 90071-2627

**PLEASE TAKE FURTHER NOTICE** that the Court may grant this Motion without a hearing. Moreover, the failure to timely file and serve a motion for a protective order and to timely set it for hearing in accordance with the Local Rules may be regarded by the Court as consent to the Motion and a waiver of any basis for a protective order.

Dated: October 9, 2025

DINSMORE & SHOHL LLP

By: /s/ Lovee D. Sarenas
    Peter J. Mastan
    Lovee Sarenas
Counsel to Nancy Zamora, Chapter 7 Trustee

4

#64671630v3

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Nancy Zamora, the Chapter 7 Trustee ("Trustee") for the bankruptcy estate ("Estate") of debtor Wilshire Health and Community Services, Inc. d.b.a. Wilshire Home Health ("Debtor") in the above-captioned bankruptcy case ("Case"), submits this Memorandum of Points and Authorities in support of her motion ("Motion") for an order under Rule 2004 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and Rule 2004-1 of the Local Bankruptcy Rules for the Central District of California ("Local Rules"), requiring (a) the production by Ron Yukelson ("Yukelson") of the documents ("Documents") described in **Exhibit 1**, and (b) examination under oath of Yukelson.

## II. STATEMENT OF FACTS

The Debtor and four affiliated entities ("Affiliates") each commenced a voluntary bankruptcy case under chapter 7 of title 11 of the United States Code ("Bankruptcy Code") on August 1, 2025 ("Petition Date") in the United States Bankruptcy Court for the Central District of California, Northern Division ("Court"). Nancy Zamora is the duly appointed Chapter 7 Trustee in this Case, and she continues to serve in this capacity at this time. The initial 341(a) meeting of creditors was held on August 28, 2025, and has been continued to October 24, 2025.

Prepetition, the Debtor owned an at-home and virtual patient care and hospice care operation for seniors. Debtor also provided other social services to seniors who live in San Luis Obispo county. The Trustee requests production of the documents identified on **Exhibit 1** to the attached subpoena and examination under oath to fully evaluate and understand the Debtor's pre-petition financial affairs and evaluate potential claims of the Estate.

## III. BANKRUPTCY RULE 2004 AUTHORIZES PRODUCTION OF DOCUMENTS

Bankruptcy Rule 2004(a) permits a bankruptcy court to order the examination of any entity upon motion from a party of interest. Fed. R. Bankr. P. 2004(a). A Rule 2004 examination "may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate . . ." Fed. R. Bankr. P. 2004(b). "[I]t is well-settled that Rule 2004 discovery enjoys a broad scope, regardless of

1

#64671630v3

any background state law issues." *Dynamic Finance Corp. v. Kipperman (In re North Plaza)*, 395 B.R. 113, 122 (S.D. Cal. 2008). "The scope of a Rule 2004 examination is extremely broad and has often been likened to a lawful 'fishing expedition.'" *In re Lufkin*, 255 B.R. 204, 209 (Bankr. E.D. Tenn. 2000). Consistent with the broad scope of a 2004 examination, any third party who has a relationship with a debtor may be subject to a Rule 2004 examination. *In re Ionosphere Clubs, Inc.*, 156 B.R. 414, 432 (S.D.N.Y. 1993).

**IV.    THE REQUESTED BANKRUPTCY RULE 2004 ORDER SHOULD BE GRANTED**

**A.    The Trustee Has Attempted to Confer**

Pursuant to Local Rule 2004-1(a), Trustee and her counsel conferred with Yukelson to arrange for a mutually agreeable date, time, place, and scope of the examination and production. Sarenas Declaration, ¶ 6. The relief requested in this Motion is consistent with the information discussed by the parties. *Id.*

**B.    No Adversary Proceeding or Contested Matter**

The Trustee cannot obtain the information sought by the requested Rule 2004 production of documents and examination under Rule 7026, 7030, or 9014 because the Trustee is not a party to any such pending adversary proceeding or contested matter. Sarenas Decl. ¶ 4.

**C.    Yukelson's Contact Information**

Yukelson's address is 1120 Islay St., San Luis Obispo CA 93401, and he is employed at Carmel & Naccasha LLP located at 694 Santa Rosa St., San Luis Obispo, California 93401.

**D.    Cause for the Rule 2004 Order**

As a former officer of the Debtor, Yukelson possesses knowledge of the Debtor's conduct, finances, insiders, financial records, financial transactions, assets, and/or financial affairs as it relates to this Case. The Trustee needs information and documentation from Yukelson in furtherance of her efforts to identify assets of the Estate, to investigate possible claims of the Estate, and to otherwise ensure the efficient administration of the Estate. The Trustee files this Motion without prejudice to her right to seek further examination of or production of documents by Yukelson and others under Rule 2004 and Local Rule 2004-1.

///

2

#64671630v3

**V.    CONCLUSION**

For the reasons set forth above, the Court is respectfully requested to grant the Motion and enter an order:

1. Directing Yukelson to produce for inspection and copying by the Trustee the documents described in **Exhibit 1 at or before 5:00 p.m. on October 28, 2025** at the offices of Dinsmore & Shohl LLP located at 550 S. Hope Street, Suite 2800, Los Angeles, California 90071 or electronically via e-mail to lovee.sarenas@dinsmore.com.

2. Directing Yukelson to appear and submit to a sworn examination (to be recorded by stenographic means) by the Trustee pursuant to Rule 2004 and Local Rule 2004-1 **at 9:30 a.m. on October 30, 2025**, and continuing for such time until the examination is completed, at the offices of Carmel & Naccasha LLP located at 694 Santa Rosa St., San Luis Obispo, California 93401, or remotely, as agreed upon by the parties.

3. Authorizing the Trustee to issue subpoenas as necessary to compel such document production and appearance for examination.

4. Providing that any motion for protective order under Bankruptcy Rule 7026 and Federal Rule of Civil Procedure 26(c) must be filed and served not less than 14 days before the date of the examination, and set for hearing not less than 2 days before the scheduled examination, unless an order setting hearing on shortened notice is granted by the Court pursuant to Local Rule 9075-1.

5. Retaining jurisdiction with the Bankruptcy Court to consider and adjudicate any additional request for information or examination and disputes concerning any matters in the Motion.

6. Providing other and further relief to the Trustee as the Court deems just and proper is granted.

Dated: October 9, 2025                                    DINSMORE & SHOHL LLP

                                                          By: /s/ Lovee D. Sarenas
                                                              Peter J. Mastan
                                                              Lovee Sarenas
                                                          Counsel to Nancy Zamora, Chapter 7 Trustee

3

#64671630v3

### DECLARATION OF LOVEE D. SARENAS

I, Lovee D. Sarenas, declare as follows:

1. I am an attorney admitted to practice before this Court, the United States District Court for the Central District of California, and the courts of the State of California. I am a partner of the law firm Dinsmore & Shohl LLP ("Dinsmore"), counsel to Nancy Zamora, the Chapter 7 Trustee ("Trustee") for the bankruptcy estate (the "Estate") of debtor Wilshire Health and Community Services, Inc. d.b.a. Wilshire Home Health (the "Debtor") in the above-captioned bankruptcy case ("Case"). I am one of the attorneys at Dinsmore with responsibility for representation of the Trustee.

2. Unless expressly stated otherwise, I have personal knowledge of the facts in this declaration and, if called as a witness, I could and would testify competently thereto.

3. I make this declaration in support of the Trustee's *Motion Pursuant to Fed. R. Bankr. P. 2004 and L.B.R. 2004-1 for an Order Authorizing the Production of Documents By and Examination Under Oath of Ron Yukelson* ("Motion").

4. The Court may take judicial notice of the following:

   a. On August 1, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code, commencing the Case.

   b. Nancy Zamora is the duly appointed Chapter 7 Trustee in this Case, and she continues to serve in this capacity at this time.

   c. The initial 341(a) meeting of creditors was held on August 28, 2025, and has been continued from time to time to October 24, 2025.

5. The Trustee's other professionals and I are assisting the Trustee in obtaining the records necessary for her to understand and investigate the pre-petition financial affairs of the Debtor.

6. I understand based on information and belief that, prior to filing bankruptcy, the Debtor ran and owned an at-home and virtual patient care and hospice care operation with significant assets and also provided other social services to seniors who live in San Luis Obispo county.

7. The Trustee requests production of the documents identified on **Exhibit 1** and

examination under oath of Ron Yukelson ("Yukelson") to fully evaluate and understand the Debtor's pre-petition financial affairs, identify assets of the Estate, investigate possible claims of the Estate, and otherwise ensure the efficient administration of the Estate.

8. I am informed and therefore, believe, Mr. Yukelson was a former Chief Operating and Strategy Officer of the Debtor and may possess knowledge of the Debtor's conduct, finances, insiders, financial records, financial transactions, assets, and/or financial affairs as it relates to this Case.

9. To the best of my knowledge, information, and belief, the Trustee is not a party to any adversary proceeding or contested matter in which discovery could be sought under Bankruptcy Rule 7030 or 9014.

10. On September 29, 2025, the Trustee and I conferred via telephone conference with Mr. Yukelson and discussed the contemplated Bankruptcy Rule 2004 document production and examination, including the scope, place, and timing thereof. At the meeting, the parties were able to arrange for a mutually agreeable date, time, place, and scope of the examination and production.

11. As of the date of this filing, Mr. Yukelson has not objected to the scope of production and examination. The relief requested in this Motion is in accordance with the information communicated to Mr. Yukelson.

12. Attached hereto as **Exhibit 1** and incorporated herein by reference is the list of requested documents from Mr. Yukelson.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: October 9, 2025        /s/ Lovee D. Sarenas
                              Lovee D. Sarenas

2

#64671630v3

# EXHIBIT 1

## EXHIBIT 1

### To Subpoena for Production of Documents to Ron Yukelson

### INSTRUCTIONS

1. In responding to this subpoena, furnish all documents in your possession, custody, or control at the time of production, including documents in the possession, custody, or control of your agents, representatives, and assigns.

2. If you claim any form of privilege, whether based on statute or otherwise, as a ground for not producing any document, please state the following:

 a. The date(s) the document was created, sent, and received;

 b. The name, the present or last known home and business address, the telephone numbers, the title (or position), and the occupation of those individuals who prepared, produced or reproduced, or who were the recipients of said document;

 c. A description of the document sufficient to identify it without revealing the information for which the privilege is claimed, including the general subject matter and character of the document (e.g., letter, memorandum, notes);

 d. The location of the document;

 e. The custodian of the document; and

 f. Each and every fact or basis on which such privilege is claimed or on which the document is otherwise withheld.

3. Notwithstanding the assertion of your objection, any requested document which you object to furnishing but which nevertheless contains non-objectionable information which is responsive to this request must be produced. That portion of the document for which the objection is asserted may, however, be redacted, provided that the above-requested identification is furnished.

4. Each document requested herein is requested to be produced in its entirety without deletion or excision (except as qualified by Instruction 3 above) regardless of whether you consider the entire document to be relevant or responsive to these requests.

#64671630v3

5. If any of these documents cannot be produced in full, then produce them to the extent possible, specifying the reasons for your inability to produce the remainder and stating what information, knowledge, or belief you have concerning the unproduced portion.

6. The documents produced pursuant to this request must be produced in the same form and in the same order in which they existed, or were maintained, in the normal course of business, prior to production. Documents are to be produced in the boxes, file folders, binders, or other containers in which the documents are found. The title, labels, or other descriptions of the boxes, file folders, binders, or other containers are to be left intact.

7. A search for responsive documents includes all Electronically Stored Information ("ESI"), as defined below, including responsive emails and other documents found in the Responding Party's personal and/or business account(s).

8. The documents may be produced via first class or overnight mail **or via email to [lovee.sarenas@dinsmore.com](mailto:lovee.sarenas@dinsmore.com)** and must be <u>received</u> by the production date set forth herein.

### **DEFINITIONS**

For purposes of this REQUEST FOR PRODUCTION, the following definitions apply:

1. As used herein, the terms "and" and "or" shall be construed conjunctively and disjunctively so as to acquire the broadest possible meaning.

2. As used herein, the term "any" includes the word "all," and vice versa; the singular includes the plural, and vice versa; and the past includes the present, and vice versa.

3. As used herein, the term "YOU" or "YOUR" means and refers to Ron Yukelson, individually.

4. As used herein, the terms "DOCUMENT" and/or "DOCUMENTS" mean and refer to any and all documents, tangible things and/or property, of any kind, and all writings or recordings, as described in Rule 1001(1) of the Federal Rules of Evidence, including originals and non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise, and including without limitation communications, e-mails, inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, conferences, interviews, cards, correspondence, memoranda, notes, diaries, statistics, letters, telegrams, telex, telefax, cables, or

other forms of interpersonal disclosure, whether oral or written, however transmitted, minutes, lists, agendas, contracts, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, books, inter office and intra office communications, notations of any sort of conversations, telephone calls, meetings, or other communications, bulletins, computer printouts, invoices, worksheets, all forms of drafts, notations, workings, alterations, modifications, changes and amendments of any of the foregoing, graphical or aural records or representations of any kind, including, without limitation, photographs, charts, microfiche, microfilm, videotape, records, motion pictures, and electronic, mechanical, or electrical records or representations of any kind, including, without limitation, tapes, cassettes, discs, and recordings, computer discs, computer tapes, computer cards, computer programs, computer software, computer readable media, machine sensible media, electronically stored media, ESI, and any other form of stored information.

    5.    As used herein, the term "RELATING TO" means, without limitation, bearing a subject matter relationship to, embodying, discussing, constituting evidence of, bearing a relationship to (in whole or in part), pertaining, or otherwise reflecting, describing, or setting forth the subject matter to which reference is made.

    6.    As used herein, the term "ALL COMMUNICATIONS" means and refers to each and every COMMUNICATION known to YOU, and every such COMMUNICATION which can be located or discovered by reasonably diligent efforts exclusive of those covered by the attorney-client privilege, work product doctrine or any other applicable privilege.

    7.    As used herein, the terms "COMMUNICATION" or "COMMUNICATIONS" mean and refer to all non-privileged correspondence, notes, letters, e-mails, faxes, mailings, memoranda, text messages, and all other forms of oral, written, or electronic communication. This definition is intended to include any DOCUMENTS that are exchanged or transmitted in connection with any communication and shall include any notes or other DOCUMENTS memorializing the substance of the communication.

    8.    As used herein, the terms "PERSON" and "PERSONS" mean as the term is defined under title 11 of the U.S. Code, otherwise known as the Bankruptcy Code, § 101(14) and refer to any

#64671630v3

individual, corporation, company, partnership, association, firm, business, trust, or any other legal or fictitious entity but does not include governmental units.

9. The term "DEBTOR" refers to Wilshire Health and Community Services, Inc. d.b.a. Wilshire Home Health, including its current and former members, officers, directors, employees, agents and attorneys and any other person or entity representing it or acting on its behalf.

10. "PETITION DATE" means August 1, 2025, the date the DEBTOR commenced its chapter 7 bankruptcy case in the Central District of California.

11. "SCHEDULES" refers to the Schedules of Assets and Liabilities filed by the Debtor in its bankruptcy case designated as Case No. 9:25-bk-11032-RC pending before the United States Bankruptcy Court, Central District of California.

12. "ESI" means "electronically stored information" as defined in Federal Rules of Civil Procedure, Rule 34(a)(1)(A), and shall include, without limitation, any information, including files, documents, images, video, metadata or any combination thereof stored, created, or used on any ELECTRONIC STORAGE DEVICE, disk tape (including backup tapes and other backup media), or other computer or digital storage medium, microfilm, microfiche, floppy, or any other storage or recording medium. ESI includes without limitation electronic mail messages, voice mail messages, instant messaging, text messages, information stored on web pages or web servers, and database records.

13. "ELECTRONIC STORAGE DEVICE" means any device capable of storing ESI for any period of time, including without limitation disks, including hard disks and floppy, CD-ROMs, DVDs, network servers, shared servers, computers, magnetic tape, back-up tape, voice mail, temporary files, telephones, smart phones, tablets and PDAs, whether currently on Debtor's premises or otherwise (e.g., at an employee's home or remote office).

/ / /

/ / /

6

#64671630v3

**REQUEST FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**  All DOCUMENTS RELATING TO YOUR COMMUNICATIONS with DEBTOR for the last seven (7) years prior to the PETITION DATE.

**REQUEST FOR PRODUCTION NO. 2:**  All DOCUMENTS RELATING TO YOUR COMMUNICATIONS with Tricia Smith for the last seven (7) years prior to the PETITION DATE.

**REQUEST FOR PRODUCTION NO. 3:**  All DOCUMENTS RELATING TO YOUR COMMUNICATIONS with Barbara Jennings for the last seven (7) years prior to the PETITION DATE.

**REQUEST FOR PRODUCTION NO. 4:**  All DOCUMENTS RELATING TO YOUR COMMUNICATIONS with Kevin Parzych for the last seven (7) years prior to the PETITION DATE.

**REQUEST FOR PRODUCTION NO. 5:**  All DOCUMENTS RELATING TO YOUR COMMUNICATIONS with David Oliver for the last seven (7) years prior to the PETITION DATE.

**REQUEST FOR PRODUCTION NO. 6:**  All DOCUMENTS RELATING TO YOUR COMMUNICATIONS with Ira Alpert for the last seven (7) years prior to the PETITION DATE.

**REQUEST FOR PRODUCTION NO. 7:**  All DOCUMENTS RELATING TO YOUR COMMUNICATIONS with Ted J. Greenberg for the last seven (7) years prior to the PETITION DATE.

**REQUEST FOR PRODUCTION NO. 8:**  All DOCUMENTS RELATING TO YOUR COMMUNICATIONS with Tom Sherman for the last seven (7) years prior to the PETITION DATE.

**REQUEST FOR PRODUCTION NO. 9:**  All DOCUMENTS RELATING TO YOUR COMMUNICATIONS with Lori Richardson Pelliccioni for the last seven (7) years prior to the PETITION DATE.

**REQUEST FOR PRODUCTION NO. 10:** All DOCUMENTS RELATING TO YOUR COMMUNICATIONS with Andrea Portney for the last seven (7) years prior to the PETITION DATE.

#64671630v3

**REQUEST FOR PRODUCTION NO. 11:** All DOCUMENTS RELATING TO DEBTOR'S governing corporate documents including, but not limited to any charter, articles of incorporation, operating agreement, by laws, membership agreement, and/or partnership agreement and any amendments thereto.

**REQUEST FOR PRODUCTION NO. 12:** Annual or monthly reports, statements or filings and any amendments thereto submitted by the DEBTOR, or on DEBTOR'S behalf, including annual or monthly financial reports and statements and other documents submitted to its shareholders, lenders, the California Secretary of State, or other governmental agencies for the last seven (7) years prior to the PETITION DATE.

**REQUEST FOR PRODUCTION NO. 13:** DEBTOR'S federal and state tax returns and any amendments thereto or RELATING TO any tax exemption for the last seven (7) years prior to the PETITION DATE.

**REQUEST FOR PRODUCTION NO. 14:** All DOCUMENTS regardless of when created, dated, sent, or received, sufficient to identify DEBTOR'S board of directors, general partners, shareholders, limited partners and other owners and the respective percentages and classes of ownership for the last seven (7) years prior to the PETITION DATE.

**REQUEST FOR PRODUCTION NO. 15:** All DOCUMENTS regardless of when created, dated, sent, or received, sufficient to show DEBTOR'S corporate structure for the last seven (7) years prior to the PETITION DATE.

**REQUEST FOR PRODUCTION NO. 16:** ALL DOCUMENTS RELATING TO salaries, bonuses, stock distributions, dividends, expense reimbursements, or other benefits received by any officer or director of the DEBTOR for the last seven (7) years prior to the PETITION DATE.

**REQUEST FOR PRODUCTION NO. 17:** ALL DOCUMENTS RELATING TO any transaction, agreement, gifts, lease, or transfer of property between the DEBTOR and (a) its officers, directors, shareholders, or their family members, or (b) any entity owned or controlled by such officers, directors, shareholders, or their family members for the last seven (7) years prior to the PETITION DATE.

#64671630v3

**REQUEST FOR PRODUCTION NO. 18:** ALL COMMUNICATIONS RELATING TO any transaction, agreement, gifts, lease, or transfer of property between the DEBTOR and (a) its officers, directors, shareholders, or their family members, or (b) any entity owned or controlled by them for the last seven (7) years prior to the PETITION DATE.

**REQUEST FOR PRODUCTION NO. 19:** All DOCUMENTS sufficient to identify all locations where DEBTOR or its employees conduct or have conducted DEBTOR'S business and where properties of the DEBTOR are located, and the date(s) when the DEBTOR occupied such space for the last seven (7) years prior to the PETITION DATE.

**REQUEST FOR PRODUCTION NO. 20:** All DOCUMENTS and COMMUNICATIONS RELATING TO any loan between the DEBTOR and any PERSON for the last seven (7) years prior to the PETITION DATE.

**REQUEST FOR PRODUCTION NO. 21:** All DOCUMENTS and COMMUNICATIONS RELATING TO the DEBTOR's assets, including financial statements, asset listings, or communications about company property or resources for the last seven (7) years prior to the PETITION DATE.

**REQUEST FOR PRODUCTION NO. 22:** All DOCUMENTS RELATING TO the DEBTOR'S income, donations received in money or in-kind, bank accounts, credit cards, or other financial accounts used by DEBTOR in connection with its operations for the last seven (7) years prior to the PETITION DATE.

**REQUEST FOR PRODUCTION NO. 23:** All DOCUMENTS RELATING TO the handling, transfer, or disposition of DEBTOR's assets, funds, or property for the last seven (7) years prior to the PETITION DATE.

**REQUEST FOR PRODUCTION NO. 24:** All DOCUMENTS RELATING TO DEBTOR'S liabilities, loans, advances, or financial arrangements between the DEBTOR and its officers, directors, or affiliates for the last seven (7) years prior to the PETITION DATE.

**REQUEST FOR PRODUCTION NO. 25:** All DOCUMENTS RELATING TO DEBTOR'S financial activities after the PETITION DATE.

#64671630v3

**REQUEST FOR PRODUCTION NO. 26:** ALL DOCUMENTS AND COMMUNICATIONS sufficient to identify all locations where real properties in which the DEBTOR has an ownership or possessory interest are located for the last seven (7) years prior to the PETITION DATE.

**REQUEST FOR PRODUCTION NO. 27:** ALL DOCUMENTS AND COMMUNICATIONS RELATING TO any transaction, agreement, gifts, lease, or transfer of real property between the DEBTOR and (a) its officers, directors, shareholders, or their family members, or (b) any entity owned or controlled by them for the last seven (7) years prior to the PETITION DATE.

**REQUEST FOR PRODUCTION NO. 28:** All DOCUMENTS RELATING TO transactions where the DEBTOR did not receive an equivalent value in exchange for the transfer of property or incurring an obligation in the last seven (7) years prior to the PETITION DATE.

**REQUEST FOR PRODUCTION NO. 29:** All DOCUMENTS RELATING TO instances where the DEBTOR was engaged or was about to engage in a business or a transaction for which the remaining assets of the DEBTOR were unreasonably small in relation to the business or transaction in the last seven (4) years prior to the PETITION DATE.

**REQUEST FOR PRODUCTION NO. 30:** All DOCUMENTS RELATING TO instances where the DEBTOR incurred, or would have incurred, debts beyond the DEBTOR's ability to pay as they became due in the last seven (7) years prior to the PETITION DATE.

**REQUEST FOR PRODUCTION NO. 31:** All DOCUMENTS and COMMUNICATIONS RELATING TO DEBTOR'S insolvency or financial difficulties in the last seven (7) years prior to the PETITION DATE.

#64671630v3

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this Bankruptcy case or adversary proceeding. My business address is: **655 West Broadway, Suite 800, San Diego, CA 92101**

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF MOTION AND MOTION PURSUANT TO FED. R. BANKR. P. 2004 AND L.B.R. 2004-1 FOR AN ORDER AUTHORIZING THE PRODUCTION OF DOCUMENTS BY AND EXAMINATION UNDER OATH OF RON YUKELSON; DECLARATION OF LOVEE SARENAS IN SUPPORT THEREOF; AND EXHIBIT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **October 9, 2025**, I checked the CM/ECF docket for this Bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**Thomas Phinney -** tphinney@ffwplaw.com, akieser@ffwplaw.com; docket@ffwplaw.com
**Paul F Ready -** becky@farmerandready.com
**Lovee D Sarenas -** lovee.sarenas@dinsmore.com, wendy.yones@dinsmore.com; adelya.ashralieva@dinsmore.com
**United States Trustee (ND) -** ustpregion16.nd.ecf@usdoj.gov
**Nancy J Zamora (TR) -** zamora3@aol.com, nzamora@ecf.axosfs.com

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **October 9, 2025**, I served the following persons and/or entities at the last known addresses in this Bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Ron Yukelson**
**1120 Islay Street**
**San Luis Obispo CA 93401**

**Wilshire Health & Community Services, Inc.**
**P.O. Box 409**
**Nipomo, CA 93444**

**SLBiggs**
**10960 Wilshire Blvd., Ste. 1100**
**Los Angeles, CA 90024**

11

#64671630v3

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on *(date)*, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

  **Ron Yukelson – ryukelson@aol.com**

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 9, 2025 | Wendy A. Yones | /s/ Wendy A. Yones |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

12

#64671630v3